# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# WESTERN DIVISION

| | |
|---|---|
| Lumont Johnson, *et al.*, ) <br> ) <br> *Plaintiffs*, ) <br> ) <br> v. ) <br> ) <br> City of Rockford, *et al.*, ) <br> ) <br> *Defendants*. ) | Case No. 15 CV 50064 <br><br> Magistrate Judge Iain D. Johnston |
| Tyjuan Anderson, ) <br> ) <br> *Plaintiff*, ) <br> ) <br> v. ) <br> ) <br> City of Rockford, *et al.*, ) <br> ) <br> *Defendants*. ) | Case No. 15 CV 50065 <br><br> Magistrate Judge Iain D. Johnston |

## **ORDER**

The parties, primarily Plaintiffs, seek to embiggen the time to complete fact discovery. They do so despite multiple verbal and written warnings – dating back to the outset of the case – regarding the need to meet the fact discovery cut-off date. Over a quarter of a century ago, the Fifth Circuit noted the pernicious effect delays wrecked on the judicial system, in particular civil litigation: "[D]elays are a particularly abhorrent feature of today's trial practice. They increase the cost of litigation, to the detriment of the parties enmeshed in it; they are one factor causing disrespect for lawyers and the judicial process; and they fuel the increasing resort to means of non-judicial dispute resolution." *Geiserman v. MacDonald*, 893 F.2d 787, 792 (5th Cir. 1990). These concerns are not just theoretical. *See* Rebecca Love Kourlis & Jordan M. Singer, *Managing Toward the Goals of Rule 1*, 4 FED. CTS. L. REV. 1, 8 (2009) (discussing how delays increase the costs to attorneys and parties and strain limited court resources).

This Court's view of deadlines is not a secret. *See* Patricia Manson, Lax Attitude on Deadlines Draws Federal Judge's Ire, CHI. DAILY L. BULL., July 16, 2015, at 3; *McCann v. Cullinan*, No. 11 CV 50125, 2015 U.S. Dist. LEXIS 91362 (N.D. Ill. July 14, 2015). Indeed, the Court's views of deadlines – in bold font no less – are contained in the parties' proposed case

management order[1] that they receive at the beginning of the case. The Court's deadlines are reasonable but firm. And once set, the deadlines will only be moved for good cause. *See* Fed. R. Civ. P. 16(b)(4).

With these concerns and principles in mind, the Court rules as follows. Plaintiffs' Motions for Extension of Time (*Johnson*, Dkts. 134, 137; *Anderson*, Dkt. 116, 127) are granted, in part, and denied, in part. Fact discovery is extended to February 3, 2017, for the sole purpose of deposing Rule 30(b)(6) witnesses for the City of Rockford and to serve and depose any remaining third-party witnesses addressed in this order. No additional fact discovery is allowed. This is the FINAL extension of fact discovery. The case management deadlines previously set are extended as follows: Plaintiffs' expert reports are due March 6, 2017 and depositions by April 5, 2017; Defendants' expert reports are due May 5, 2017 and depositions by June 5, 2017; all discovery ends June 5, 2017; and dispositive motions due July 10, 2017. However, discovery for retained experts relating only to damages will be reserved until dispositive motions are resolved.

It is this Court's Report and Recommendation that Defendants' Motion to Bar Testimony (*Johnson*, Dkt. 131; *Anderson*, Dkt. 113) of Lonnie Young and Toni Gulley be granted, unless Defendants are provided with the opportunity to depose these witnesses before trial and Plaintiffs' seek to present their live testimony. It is further this Court's Report and Recommendation that Defendants' verbal and written request for sanctions related to their motion to compel be denied. Any objection must be filed with the district judge by January 10, 2017. Failure to object may constitute a waiver of objections on appeal. *See Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260 (7th Cir. 1989).

Defendant Palmer's Motion for Rule to Show Cause Against Erica McCord (*Johnson*, Dkt. 124; *Anderson*, Dkt. 109) is granted, in part, and denied, in part. Plaintiffs' Motion for Rule to Show Cause Against Alex Dowthard (*Johnson*, Dkt. 130; *Anderson*, Dkt. 126) is granted. A hearing on the rule to show cause against Alex Dowthard is set for January 12, 2017 at 10:00 a.m. Defendants' Motion to Compel (*Johnson*, Dkt. 128; *Anderson*, Dkt. 111) is granted, in part, and denied, in part. By December 30, 2016, Plaintiffs shall produce the 20-pages of investigator notes to Defendants. Telephonic status hearing remains set for February 13, 2017 at 9:00 a.m. In simple terms, Plaintiffs' 90-day extension is denied because the requested time frame is unreasonable. However, the Court is reluctantly providing the parties with an additional six weeks, or approximately half of the time Plaintiffs requested, to conduct fact discovery, but only as to the discovery addressed in this order.

---

[1] *See* Court's Standing Order on Case Management Orders – Parties' Proposed Case Management Order ("**These [discovery] dates will not be amended absent a showing of good cause. The parties understand that motions for extensions of time should be brought as soon as possible, but at a minimum before the cut-off date, and a party's failure to do so runs the serious risk that the motion will be denied.**").

## STATEMENT

### I. BACKGROUND

On March 17, 2015, Plaintiffs Lumont Johnson and Anthony Ross filed a complaint (Case No. 15 CV 50064) ("*Johnson*") under 42 U.S.C. § 1983 for violations of their constitutional rights relating to their alleged wrongful prosecution and conviction for first-degree murder. On March 18, 2015, Plaintiff Tyjuan Anderson also filed a complaint (Case No. 15 CV 50065) ("*Anderson*") alleging similar constitutional violations for his murder conviction relating to the same events. At the time the complaints were filed, Plaintiffs' criminal convictions had been vacated, new trials were ordered and the trial court's decision was upheld on appeal. *People v. Johnson*, 2014 IL App (2d) 130368-U, 2014 Ill. App. Unpub. LEXIS 2489 (Ill. App. Ct. Nov. 7, 2014). Pursuant to the parties' agreement, the instant civil cases were stayed while the underlying state criminal prosecution proceeded. On November 6, 2015, Plaintiffs were each acquitted of all charges against them, and the stay in the instant cases was lifted.

On November 24, 2015, the Court held an initial status hearing in both *Johnson* and *Anderson*. At the parties' request, the Court consolidated both cases for purposes of discovery. The Court also discussed the parties' proposed case management order, in which the parties suggested 100 requests for admission by each party, 25 depositions by each side, and a fact discovery cut-off date in July 2016, a mere 8 months out. The Court remarked on the unrealistic nature of the proposed deadline and warned that it would do what was necessary to ensure the parties met their proposed deadline (this was "warning #1" from the Court). The parties assured the Court that the proposed dates were not unrealistic. The parties explained that they would be focusing mainly on depositions because they already had most of the paper documents and transcripts from the previous proceedings. The Court advised the parties that due to the large number of depositions they anticipated, they should submit a revised case management order with the suggestion that fact discovery should take approximately 16 months – basically to sometime in May 2017.

Following the initial status hearing, the parties exchanged Rule 26(a)(1) disclosures and the documents they already had relating to the case. They also submitted a revised case management order, which suggested a fact discovery deadline of December 12, 2016,[2] eschewing the Court's 16-month recommendation. The Court held a hearing on February 4, 2016, to review the case management order. The Court questioned the parties on how they planned to complete 50 depositions in just 10 months. Plaintiffs' counsel in *Johnson* confirmed that the parties were "on pace" to meet the fact discovery deadline. Recording of February 4, 2016 Hearing. Based on the parties' assurances, the Court entered a fact discovery deadline of December 12, 2016, but again reminded the parties that it would hold them to their proposed deadline ("warning #2").

On April 25, 2016, the Court granted in part Plaintiffs' motion to compel in *Johnson*. Following a lengthy motion hearing regarding written discovery, the Court ordered Plaintiffs to

---

[2] The parties actually suggested Sunday December 11, 2016, so the Court moved it to the following Monday.

- 3 -

revise some of their discovery requests and the individual Defendants to supplement their answers to interrogatories and provide responsive documents.

At a May 26, 2016, status hearing, the parties reported that they were still proceeding with written discovery, but they recently took the first depositions in the case. They were proceeding with party depositions first before proceeding with third-party witnesses, which was a litigation strategy the Court did not second guess. Plaintiffs' counsel indicated that depositions were delayed while they awaited document production from some Defendants.

On June 7, 2016, the parties filed a joint motion to extend the Rule 26(a)(2)(C) disclosure and Rule 26(e) supplement deadline of June 10, 2016 by 60 days due to a voluminous document production from Defendants that identified additional witnesses. In the motion for extension, plaintiffs' counsel stated that "[t]he parties do not believe that this extension will require any other deadlines to be modified." *Johnson*, Dkt. 89; *Anderson*, Dkt. 85. The Court held a hearing on the motion for an extension of time on June 14, 2016, along with a motion relating to the length of depositions. Plaintiff's counsel in *Anderson* was not present. At the hearing, the Court reminded the parties that extensions would not be given without showing good cause because they insisted that discovery could be completed within the proposed schedule. The Court ultimately extended the deadline for Rule 26(a)(2)(C) disclosures and Rule 26(e) supplements to August 18, 2016, but specifically stated that "[a]ll other deadlines remain as previously set" ("warning #3"). *Johnson*, Dkt. 93; *Anderson*, Dkt. 86.

On July 1, 2016, Plaintiffs in *Johnson* filed a motion for leave to depose third-party witness Lataurean Brown, who was incarcerated in New Lisbon, Wisconsin. The Court granted leave to depose an incarcerated person under Federal Rule of Civil Procedure 30(a)(2)(B).

At a hearing on August 11, 2016, the parties informed the Court that all parties had been deposed, except for two defendants. The parties began the process of serving third-party witnesses, but were having difficulty serving them. Plaintiffs' counsel mentioned the need to extend the deadline for Rule 26(e) supplements, noting that he was not seeking an extension for fact discovery. The parties planned to discuss the extension so they could file a joint motion.

On August 15, 2016, the parties filed a second motion to extend the Rule 26(a)(2)(C) disclosure and Rule 26(e) supplement deadline. They sought a 45-day extension because "[t]he parties still have several depositions left to conduct, as well as written discovery." *Johnson*, Dkt. 112.[3] The parties made no mention of extending the fact discovery deadline. The Court granted the extension, making Rule 26(a)(2)(C) disclosures and Rule 26(e) supplements due October 3, 2016, but included the following warning: "The Court reiterates its earlier verbal warning that this extension does not affect the ultimate discovery cut off date and that date will not be moved absent exceptional circumstances" ("warning #4"). *Johnson*, Dkt. 114; *Anderson*, Dkt. 101.

On October 3, 2016, Defendant Palmer, on behalf of all parties, filed a motion for rule to show cause against Lataurean Brown. Defendants asked for an order directing Mr. Brown to

---

[3] The joint motion was not filed in *Anderson* despite the fact that the body of the motion reflects that it was also filed on behalf of Tyjuan Anderson. The Court has instructed counsel on multiple occasions that filings need to be made in both cases because the cases were consolidated for discovery.

- 4 -

"show cause why he should not be held in contempt of court for failing to comply with this Court's order and Plaintiffs' notice for his deposition." *Johnson*, Dkt. 116; *Anderson*, Dkt. 104. The motion explained that the parties attempted to take Mr. Brown's deposition on August 29, 2016, pursuant to a notice of deposition, but Mr. Brown refused to leave his cell to be deposed.

At the hearing on the motion on October 11, 2016, which was just 60 days before the close of fact discovery, the parties explained that Mr. Brown, as a non-party witness, was never served with a subpoena for his deposition pursuant to Federal Rule of Civil Procedure 45, but only a notice of deposition. When asked whether Mr. Brown was within 100 miles, defense counsel assured the Court that he was. Plaintiffs' counsel did not contest that representation. The Court denied Defendants' motion for a rule to show cause because Mr. Brown was not served with a subpoena as required. The Court required a copy of this Court's order to be provided with any future subpoena sent to Mr. Brown. *Johnson*, Dkt. 120; *Anderson*, Dkt. 106.

As for the status of discovery, the parties still needed to finish Defendant Randall's deposition. The parties completed one third-party witness deposition and were pursuing a rule to show cause against another third-party witness that failed to appear for his deposition in Texas. Plaintiffs' counsel indicated that multiple third-party witnesses were remaining because he was having difficulty finding and serving third-party witnesses, and in particular had been unable to locate Alex Dowthard.

Thereafter, Plaintiffs served Lataurean Brown with a subpoena for his deposition. Again, Mr. Brown refused to sit for his deposition on the scheduled date. Counsel for Plaintiffs and Defendants called chambers to seek guidance on this issue. However, Plaintiffs' counsel admitted that he failed to provide Mr. Brown with a copy of this Court's order when he was served with the subpoena. The Court instructed counsel to re-issue a subpoena along with a copy of the Court's order as they were previously instructed to do.

At the status hearing on November 3, 2016, counsel for Plaintiffs in *Johnson* was not present. Defense counsel represented that the third-party witnesses that had been served were scheduled to be deposed by the fact discovery deadline. However, third-party witness, Toni Gulley, was located in Georgia. According to counsel, she was avoiding service so her deposition was not scheduled until December 19, 2016. The parties made no mention of the deposition of Alex Dowthard. (Perhaps no mention of Mr. Dowthard's deposition occurred because Plaintiffs' counsel in *Johnson* was not present.) Accordingly, the Court extended fact discovery to December 20, 2016, "for the sole purpose of completing the deposition of Toni Gulley." *Johnson*, Dkt 121; *Anderson*, Dkt. 107. Defense counsel also noted that there were ongoing problems obtaining the depositions of Lataurean Brown, who refused to sit for his deposition, and Casel Montgomery, who had a rule to show cause pending against him in Texas.

On November 21, 2016, Plaintiffs' filed a motion, on behalf of all parties, for a rule to show cause against Lataurean Brown for failing to sit for his deposition a second time on November 9, 2016. At the motion hearing on November 29, 2016, Plaintiff's counsel in *Anderson* was not present. The Court denied Plaintiffs' motion for a rule to show cause because the parties realized they previously incorrectly informed the Court that Mr. Brown was within 100 miles, when in fact he was beyond the 100-mile limitation. *See* Fed. R. Civ. P. 45(c). The Court also entered and continued Defendant Palmer's motion for a rule to show cause against

third-party witness Erica McCord. Although she failed to appear for her deposition, the parties believed they could agree on a stipulation about her testimony.

The Court then inquired about the status of the remaining depositions. Plaintiffs' counsel in *Johnson* indicated that all documents had been produced and all witnesses were identified. However, counsel needed more time because third-party witnesses were refusing to appear for their depositions. By counsel's calculation, there were 10 third-party depositions remaining, including Lataurean Brown, Erica McCord and Casel Montgomery. Plaintiffs' counsel anticipated filing 5 additional rules to show cause in other jurisdictions. Plaintiffs' counsel also indicated that Defendant City of Rockford was resolving producing Rule 30(b)(6) witnesses and needed an extension until January to complete this deposition. Defense counsel also indicted difficulty serving Lonnie Young and Toni Gulley, noting that they were critical witnesses that the defense needed to depose. The Court reminded the parties that from the beginning of the case, it warned the parties that they would need more time ("warning #5"). The Court also pointed out that counsel failed to address extending fact discovery at the last hearing on November 3, 2016, when the Court extended fact discovery to depose Toni Gulley.

## II. ANALYSIS

Pursuant to the parties' agreed case management order entered by the Court on February 4, 2016, fact discovery closed on December 12, 2016.[4] Before the Court are several motions relating to discovery that would occur after that deadline. Defendants have filed a motion to compel Plaintiffs to turn over documents from their private investigator. There are also several motions relating to the testimony and depositions of third-party witnesses. The Court held a four-hour hearing on these motions on December 15, 2016. During the hearing, other cases on the Court's call were delayed and the Court was required to reschedule a meeting with a federal agent regarding a warrant. This is a clear showing that these cases not only prejudice the Court by taking up an unreasonable amount of its time, but also other litigants who are directly affected by the actions of the parties in these cases.

### A. Extension of Fact Discovery and Third-Party Witnesses

Pending before the Court are the following motions: Defendants' Motion to Bar Testimony (*Johnson*, Dkt. 131; *Anderson*, Dkt. 113), Plaintiffs' Motions for Extension of Time (*Johnson*, Dkts. 134, 137; *Anderson*, Dkt. 116, 127), Defendant Palmer's Motion for Rule to Show Cause Against Erica McCord (*Johnson*, Dkt. 124; *Anderson*, Dkt. 109) and Plaintiffs' Motion for Rule to Show Cause Against Alex Dowthard (*Johnson*, Dkt. 130; *Anderson*, Dkt. 126).

In Defendants' Motion to Bar, they are not asking to extend fact discovery. Instead, they seek to bar Lonnie Young and Toni Gulley, whom they have been unable to serve to appear for their depositions, from testifying at trial.[5] Conversely, Plaintiffs[6] seek a 90-day extension to

---

[4] Despite Plaintiffs' representations in their motions, fact discovery was extended to December 20, 2016, *solely* to depose Toni Gulley.

[5] Defendants made a critical clarification at the December 15, 2016 hearing. Defendants clarified that they are only seeking to bar the witnesses from testifying at trial without being able to depose them. They

depose Rule 30(b)(6) witnesses for Defendant City of Rockford and several third-party witnesses, namely Casel Montgomery, Lataurean Brown, Alex Dowthard, Lonnie Young and Toni Gulley.

In light of this Court's specific scheduling order, Plaintiffs' request for an extension will be evaluated under Federal Rule of Civil Procedure 16. Once the Court has entered a scheduling order, Federal Rule of Civil Procedure 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent." *See also McCann*, No. 11 CV 50125, 2015 U.S. Dist. LEXIS 91362, at *5 (counseling that the Court enters case management deadlines "to help ensure the orderly proceeding of the matter within a very busy district court"). When evaluating "good cause" under Rule 16, the Court's primary inquiry is the diligence of the party seeking the extension. *Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011). The movant bears the burden to establish its diligence. *Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005). The Court will address the diligence of Plaintiffs and the parties' arguments as they relate to each witness.

### 1. Defendant City of Rockford

In support of an extension to depose Rule 30(b)(6) witnesses for the City of Rockford, Plaintiffs assert that they attempted to complete this deposition before the fact discovery deadline. Plaintiffs sent a Rule 30(b)(6) deposition notice sometime in early November 2016, but counsel for the parties previously discussed whether certain witnesses would be Rule 30(b)(6) designees.[7] Following notice of the deposition, Plaintiffs narrowed the scope of the Rule 30(b)(6) topics so Defendants could determine which witnesses to present. On November 29, 2016, Plaintiffs' counsel in *Johnson* informed the Court that Defendant City of Rockford was still attempting to designate witnesses to appear for the deposition. Counsel foreshadowed the need for an extension because the City of Rockford would be unable to present the witnesses for a deposition until January 2017.

---

are no longer seeking to bar the use of the witnesses' prior testimony or affidavits as stated in their motion.

[6] All Plaintiffs seek a 90-day extension, but Plaintiff's counsel in *Anderson* admitted at the hearing that he was seeking the extension in response to the motion filed by counsel in *Johnson*, who was handling all of the discovery. At the December 15, 2016, hearing, counsel in *Anderson* essentially admitted that their position was that they needed more time because they (note there are two of them from separate offices) are busy solo attorneys. But this is no excuse. *See Keeton v. Morningstar, Inc.*, 667 F.3d 877, 883 (7th Cir. 2012) (finding that "neglect due to a busy schedule is not excusable") (citation omitted); *Harrington v. City of Chicago*, 433 F.3d 542, 548 (7th Cir. 2006) (finding that neglect due to a busy schedule, even if a solo practitioner, is not excusable); *McLaughlin v. City of LaGrange*, 662 F.2d 1385, 1387 (11th Cir. 1981) (finding that a busy practice as a solo practitioner in itself is not excusable neglect). Indeed, in a case of this import, if counsel is too busy – as Mr. Greenberg professes, then they should not take on the matter. They have an ethical obligation to their client to properly litigate the case. And, of course, being busy is never an excuse for missing status and motion hearings, which counsel has repeatedly done. *See also Zaddack v. A.B. Dick Co.*, 773 F.2d 147, 150 (7th Cir. 1985) (finding that a court may infer lack of prosecutorial intent from a failure to appear at a scheduled hearing).

[7] Counsel for the City of Rockford asserted that notice was not provided until later in November 2016, but nevertheless agreed that conversations regarding these witnesses occurred earlier.

The Court finds that Plaintiffs have shown their diligence with respect to obtaining this deposition before the close of fact discovery.  Therefore, the Court will extend the fact discovery deadline until February 3, 2017 to depose Rule 30(b)(6) witnesses for the City of Rockford.

### 2. Casel Montgomery

In January 2016, Plaintiffs served Casel Montgomery with a subpoena for his deposition, which was set for August 1, 2016.  Mr. Montgomery failed to appear for his deposition.  In late September or early October 2016, Plaintiffs filed a motion for a rule to show cause against Mr. Montgomery in the Northern District of Texas.  The judge hearing the motion ordered Mr. Montgomery to respond to the rule to show cause by December 30, 2016.  A hearing on the rule to show cause would be set at a later date.

Plaintiffs' counsel first alerted the Court that Mr. Montgomery refused to appear for his deposition on October 11, 2016.  Again on November 3, 2016, defense counsel mentioned that a rule to show case was pending against Mr. Montgomery in Texas.  Although defense counsel sought and received an extension to depose Toni Gulley, Plaintiff's counsel[8] did not seek a similar extension for Mr. Montgomery.  It was not until November 29, 2016, just two weeks before the close of fact discovery, that Plaintiffs' counsel first mentioned the need for an extension of time.  "When parties wait until the last minute to comply with a deadline, they are playing with fire."  *Spears v. City of Indianapolis*, 74 F.3d 153, 157 (7th Cir. 1996).

When the Court set the case management dates in this case, it did so with the warning that fact discovery would not be extended absent a showing of good cause.  Additionally, the Court warned that the number of depositions in this case would be difficult to complete in the timeline proposed by the parties.  Nevertheless, the parties assured the Court that discovery could be completed within the proposed timelines.  The parties twice requested an extension of Rule 26(a)(2)(C) disclosures and Rule 26(e) supplements.  The Court granted these requests because the parties represented that it would not extend the fact discovery deadline.  Extending fact discovery would have a cascading effect on the remainder of the case, namely the disclosure of retained experts.  *See* Rebecca Love Kourlis & Jordan M. Singer, *Managing Toward the Goals of Rule 1*, 4 FED. CTS. L. REV. 1, 10-11 (2009) (explaining that waiting until late in the discovery period to seek an extension of time has a significant impact on the overall length of the case).  Plaintiffs' counsel admitted that many of the retained experts would need the deposition testimony from the witnesses Plaintiffs seek to depose.  Not only does extending discovery delay these cases and drive up the costs of litigation, but it also prejudices other litigants and the Court.  *See Spears*, 74 F.3d at 157-58; *see also Perrian v. O'Grady*, 958 F.2d 192, 195 (7th Cir. 1992) (finding that court has discretion to deny amendments to pleadings because of harm caused to court).  Additionally, this Court has no idea when the Northern District of Texas will rule on the motion.  It is not this Court's place to prod another busy federal court to make a ruling.

For these reasons, the Court denies, in part, Plaintiffs' request for an extension of time to depose Mr. Montgomery.  Plaintiffs' request for a 90-day extension is not justified.  Extensions of time should be filed as soon as practicable to ensure that they do not affect the remainder of discovery in the case.  *See* Court's Standing Order, *supra* note 1; Rebecca Love Kourlis & Jordan

---

[8] Plaintiffs' counsel in *Johnson* was not present at the hearing.

M. Singer, *Managing Toward the Goals of Rule 1*, 4 FED. CTS. L. REV. 1, 12 (2009) ("Deadlines must be realistic, and they must be enforced."). That was not done in these cases. Lack of witness cooperation is outside of Plaintiffs' control, but it should have been expected to some extent in these cases. However, if the Northern District of Texas rules before February 3, 2017, and Mr. Montgomery can be deposed by that date, the Court will allow the deposition.

### 3. Lataurean Brown

At the motion hearing on December 15, 2016, the Court allowed the parties to depose Lataurean Brown on December 19, 2016, based on the extended efforts of the parties to try to secure his deposition testimony before the close of fact discovery. Plaintiffs anticipate the need to file a rule to show cause in the Western District of Wisconsin if Mr. Brown refuses to sit for his deposition again. Plaintiffs' efforts to depose Mr. Brown were fraught with errors from day one. First, Plaintiffs attempted to depose Mr. Brown, a third-party witness, through a notice of deposition instead of a subpoena under Rule 45. Second, when Plaintiffs did subpoena Mr. Brown, they neglected to include the Court's order as directed. Third, Plaintiffs subpoenaed Mr. Brown, but did so without realizing he was beyond the 100-mile limitation of Federal Rule of Civil Procedure 45. All of these errors have led to an additional 60-day delay that could have easily been avoided had Plaintiffs properly subpoenaed Mr. Brown from the beginning. Accordingly, the Court will grant the motion, in part, and deny it, in part. Like the deposition of Mr. Montgomery, if Mr. Brown's deposition can be completed by February 3, 2017, it will be allowed. But if Mr. Brown's deposition cannot be completed by that date, then it will not be allowed.

### 4. Alex Dowthard

On October 14, 2016, Plaintiffs served Alex Dowthard with a subpoena for his deposition. According to Plaintiffs' counsel, Mr. Dowthard was difficult to locate and attacked Plaintiffs' investigator when he was served with the subpoena. Nevertheless, Mr. Dowthard's deposition was not set to occur until December 6, 2016, just 6 days before the fact discovery deadline. On that date, Mr. Dowthard failed to appear for his deposition. Plaintiffs' now seek a rule to show cause against him and would like an extension of time to depose him. At the hearing on this motion, Plaintiffs' counsel admitted that he did not provide notice of the hearing to Mr. Dowthard, despite indicating such in the motion. *See* Plaintiffs' Motion for Rule to Show Cause at 3, Dkt. 130. This Court requires notice to be provided to third parties to hasten the resolution of third-party discovery matters so that discovery is not delayed any further. *See* Court's Standing Order on General Status and Motion Practice. Plaintiffs' counsel was also previously told to provide notice to third parties when filing a rule to show cause. Accordingly, Plaintiffs' counsel failed to comply with the standing order and this Court's explicit direction.

As discussed above, the Court warned the parties at least four times that fact discovery would not be extended absent a showing of good cause. Despite these warnings, Plaintiffs waited to schedule the deposition of a "pivotal witness" (Plaintiffs' counsel's term) until a week before fact discovery closed. Recording of December 15, 2016 Hearing. Plaintiffs' counsel asserted that there were scheduling conflicts between counsel and December 6, 2016, was the first available date. Plaintiffs' counsel expected Mr. Dowthard to appear because he did so in

previous criminal proceedings. The Court finds that expectation unreasonable in light of Mr. Dowthard's behavior toward the investigator when he was served. *See Spears*, 74 F.3d at 157.

Moreover, if counsel were unable to schedule Mr. Dowthard's deposition sooner, they should have scheduled him when doing party depositions if he was as pivotal as Plaintiffs assert. Based on these circumstances, it is difficult to see Plaintiffs diligence in securing Mr. Dowthard's deposition testimony before the close of fact discovery. Therefore, Plaintiffs' Motion for Rule to Show Cause Against Alex Dowthard (*Johnson*, Dkt. 130; *Anderson*, Dkt. 126) is granted. However, Plaintiffs' request for an extension of time to depose Mr. Dowthard is granted, in part, and denied, in part. The Court will proceed with a rule to show cause, but will only allow Mr. Dowthard's deposition if he can be deposed by February 3, 2017. Accordingly, the Court issues a rule to show cause against Alex Dowthard why he should not be held in contempt of court for failing to comply with the subpoena to appear for his deposition on December 6, 2016. Mr. Dowthard is directed to appear at the rule to show cause hearing on January 12, 2017 at 10:00 a.m. in Courtroom 5200 of the Stanley J. Roszkowski United States Courthouse, 327 South Church Street, Rockford, Illinois. The Court directs Plaintiffs to serve Mr. Dowthard with a copy of this order and Plaintiffs' Motion for Rule to Show Cause. All parties who seek to depose Mr. Dowthard must be present in person at the hearing on January 12, 2017. If Mr. Dowthard appears at the hearing, the parties must be prepared to depose him that afternoon.

### 5. Lonnie Young & Toni Gulley

Plaintiffs are seeking the depositions of Lonnie Young and Toni Gulley in response to Defendants' motion to bar the testimony of these witnesses. During discovery, Defendants took on the responsibility to serve these witnesses. Through a private investigator, Defendants discovered that Lonnie Young was living in Florida and Toni Gulley in Georgia. However, Defendants were unable to serve them before fact discovery closed because both witnesses were avoiding service. Plaintiffs have not attempted to serve these witnesses.

To have some certainty with this litigation, Defendants are seeking to bar the trial testimony of these two witnesses. Alternatively, Defendants suggest that if the Court is disinclined to bar their testimony, they would seek a short extension, until December 29, 2016, to continue attempting to serve these witnesses. If the parties are unable to serve the witnesses by this date, their future testimony would be barred.

In response to Defendants' request to bar, Plaintiffs, having no previous interest in either witness, now seek to serve and depose both witnesses strictly to prevent their past testimony and affidavits from being barred. However, at the motion hearing, Defendants agreed that they would only be seeking to bar Lonnie Young and Toni Gulley from testifying at trial if they were unable to be deposed. The Court agrees that this is a reasonable request in the interest of fairness because Defendants have not had the opportunity to depose them previously. Therefore, Plaintiffs' request for an extension relating to Lonnie Young and Toni Gulley is denied. In the interest of fairness and pursuant to this Court's inherent power, it will be this Court's Report and Recommendation that Defendants' Motion to Bar be granted and Lonnie Young and Toni Gulley will be barred from testifying live at trial, unless Defendants are provided with the opportunity to depose these witnesses before trial and Plaintiffs' seek to present their live testimony. *See*

*Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (stating that courts have the inherent power to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases") (citation omitted). However, the parties might still be allowed to use the witnesses' previous testimony in these proceedings, provided their testimony meets the various requirements of the Federal Rules of Evidence and the trial judge allows its use.

### 6. Erica McCord

In addition to the witnesses Plaintiffs sought to depose after fact discovery closed, Defendant Palmer previously sought a rule to show cause against Erica McCord for failing to appear for her deposition on November 21, 2016. On November 29, 2016, the Court entered and continued Defendant Palmer's Motion for Rule to Show Cause because the parties believed they could reach a stipulation about her testimony. Previously, defense counsel did not identify Ms. McCord as a critical witness and other than the pending motion, neither side is seeking an extension to depose Ms. McCord. Accordingly, Defendant Palmer's Motion for Rule to Show Cause Against Ms. McCord is denied, in part, and granted, in part. Like the other witnesses, if Ms. McCord can be deposed by February 3, 2017, her deposition may proceed. If Ms. McCord's deposition cannot occur by February 3, 2017, she cannot be deposed.

### B. Production of Documents

Defendants have filed a motion to compel Plaintiffs to turn over documents from their private investigator, Mort Smith. *See Johnson*, Dkt. 128; *Anderson*, Dkt. 111. Defendants originally requested this information in their Request for Production No. 17. Specifically, Defendants requested the following:

> Copies of any and all documents in possession of Plaintiffs or Plaintiffs' counsel received from Mort Smith and/or any agents, representatives, and/or employees of the business commonly known as Mort Smith, P.I. To the extent that the above-referenced documents or witness statements are contained in documents already exchanged pursuant to Federal Rule of Civil Procedure 26(a)(1), identify and reference said documents by their specific Bates Stamp numbers. If you are asserting any privilege with regard to communications with Mort Smith or any agents, representatives, and/or employees of the business commonly known as Mort Smith, P.I., or documents produced by Mort Smith or any agents, representatives, and/or employees of Mort Smith, P.I., please provide a privilege log identifying each communication you claim is subject to said privilege.

Defendants' Motion to Compel at 14 and 30, *Johnson*, Dkt. 128-1; *Anderson*, Dkt. 111-1.

In June 2016, Plaintiffs in *Johnson* objected to the request because it was seeking information protected by attorney-client and work-product privilege. Plaintiffs stated that they already produced "all non-privileged relevant documents," but that "producing a privilege log of all [privileged work product or attorney-client communications] would be overly burdensome, but [they] are happy to revisit the issue if the Defendants intend to provide privilege logs of similar materials." Defendants' Motion to Compel at 14 and 30, *Johnson*, Dkt. 128-1; *Anderson*, Dkt. 111-1.

At the motion hearing, Defendants mainly objected because Plaintiffs withheld documents from their production to Defendants, but failed to provide a privilege log. Plaintiffs cited the burdensome nature of Defendants' broad request. In response, Defendants agreed to limit the request to only the three Plaintiffs involved in these cases. In light of this limitation and because parties cannot unilaterally decide they will not provide a privilege log, as required under Federal Rule of Civil Procedure 26(b)(5), the Court ordered Plaintiffs to provide a privilege log by December 22, 2016. *See also* Federal Rule of Civil Procedure 29 (stating that *the parties* must stipulate to modify procedures governing discovery).

As to the specific documents from Plaintiffs' investigator, Mort Smith, Plaintiffs objected to producing any notes from their investigator, asserting work-product privilege. Based on the representation that the notes were not lengthy, the Court ordered Plaintiffs to provide the notes for an *in camera* inspection. After the Court reviewed the notes and held a hearing to allow Plaintiffs' counsel to justify his assertion of work-product privilege, Plaintiffs agreed to produce the notes without a wholesale waiver of work-product privilege in these cases. Therefore, Plaintiffs shall produce the 20-pages of notes to Defendants by December 30, 2016.

Additionally, Defendants were also seeking invoices from Plaintiffs' investigators. Plaintiffs did not object to providing Mort Smith's invoices from 2005 through 2007, when he was retained by Plaintiff Johnson during his criminal case. However, as of December 15, 2016, Plaintiffs' counsel was still trying to locate those documents from Johnson's mother. Accordingly, the Court ordered Plaintiffs to produce such invoices by December 23, 2016, or provide an affidavit as to what documents were not produced and why. On December 23, 2016, the Court was notified that these documents had been produced to defense counsel. *Johnson*, Dkt. 149; *Anderson*, Dkt. 129.

In relation to Mort Smith's invoices, which he submitted to Plaintiffs' counsel's firm from 2007 until 2013, Plaintiff asserted both work-product and attorney-client privilege. Plaintiffs also represented that the request would be burdensome due to the way they are stored. The Court previously ordered Plaintiffs to provide the Court with a sample of invoices for an *in camera* inspection. Accordingly, Defendants' Motion to Compel (*Johnson*, Dkt. 128; *Anderson*, Dkt. 111) is granted, in part, and denied, in part. The Court will address whether Plaintiffs will need to produce any invoices following the Court's inspection of the sample provided on January 9, 2017. At that time, the Court will address any need to reconvene the deposition of Mort Smith so defense counsel may question Mr. Smith regarding these invoices. It is also the Court's Report and Recommendation that Defendants verbal and written request for sanctions in the form of expenses related to bringing the motion to compel be denied, but may be revisited following the production of invoices, if warranted.

### III. CONCLUSION

For the reasons stated in this order, the parties' motions are granted, in part, and denied, in part. Fact discovery is extended to February 3, 2017, for the sole purpose of deposing Rule 30(b)(6) witnesses for the City of Rockford and to serve and depose any remaining third-party witnesses addressed in this order. The Court fully anticipates the parties will be able to schedule these depositions between now and February 3, 2017. This is the FINAL extension of fact

discovery. *See Bentrud v. Bowman*, 794 F.3d 871, 875 n.3 (7th Cir. 2015) ("When a judicial order includes key phrases in capital letters . . . it is the literary equivalent to shouting."). This Court's multiple previous warnings may not have been heard, but this Order should be.

Date: December 27, 2016          By: _____
                                     Iain D. Johnston
                                     United States Magistrate Judge